# EXHIBIT 1

USDC IN/ND case 1:21-cv-00021 document 1-2 filed 01/15/21 page 1 of 7

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO._____ |

HOWARD ROHRABAUGH,

    Plaintiff,

v.

SABERT CORPORATION,

    Defendant.

## COMPLAINT

Plaintiff alleges against Defendant that:

1. Plaintiff is Howard Rohrabaugh, a qualified employee of Defendant at all times material to this Complaint. Plaintiff contends that he suffered discrimination and retaliation, including retaliatory discharge, in violation of his rights under the Family Medical Leave Act of 1993, 29 C.F.R. § 825 *et seq.* ("FMLA").

2. Defendant is Sabert Corporation, a company doing business at 3511 Engle Road, Fort Wayne, IN 46825, whose registered agent and principal address is Ron Seidel, 2288 Main Street Extension, Sayerville, NJ 08872. Defendant is an "employer" for the purposes of the FMLA.

3. Plaintiff worked for Defendant for thirteen (13) years prior to his termination that occurred on or about October 1, 2020. At the time of separation from employment Plaintiff's job title was "Forklift Driver."

4. Plaintiff first utilized time off work pursuant to the FMLA for surgery in 2018. Plaintiff was subjected to harsher criticism of his work and disparate discipline since that time. By

way of example, Plaintiff was criticized for talking to employees in the shipping office—even though communicating with them was necessary to do his job. Plaintiff received his first write up after his initial use of FMLA for striking a scale with his forklift. By information and belief, other similarly situated employees who had not utilized FMLA and were involved in accidents with their forklifts, such as forklift driver Jay Jones, were not disciplined as harshly as Plaintiff.

5. In late June/early July 2020 Plaintiff received a write-up and was suspended for a "near miss" incident that occurred on "dock 21," where a safety measure failed, and a truck nearly pulled out of the dock while it was being unloaded. Plaintiff was accused of not locking the trailer in place, when Plaintiff had in fact done it, but the mechanics had failed due to damage to the dock, which was evidenced by the fact that the mechanism began blowing fuses in the coming days, and required a trained repair technician to service the mechanism to return it to working order.

6. In August 2020 Plaintiff learned that he required another surgery that necessitated time off work. Plaintiff applied for, and was approved to take, time off work from August 19, 2020, until October 6, 2020 pursuant to the Family Medical Leave Act. Plaintiff began his second FMLA leave on August 19, 2020 as planned and underwent surgery on August 25, 2020.

7. On October 1, 2020, Plaintiff obtained from his doctor a release to return to work on October 5, 2020, without restrictions.

8. Plaintiff notified Defendant by telephone on October 1, 2020 that he had obtained the release to return to work on the day before his approved FMLA time expired. Plaintiff

received a phone call a short while later from Defendant asking Plaintiff to report to Defendant's Engle Road location later that day for a meeting. Plaintiff agreed and appeared at the requested meeting.

9. Present for the meeting were Jeff Zartman (Head of Warehouse), Scott Rodenbeck (Warehouse Supervisor), and Monica Rust (HR). Plaintiff was shown a video of another alleged safety violation that he was being accused of committing in early August (the video was indiscernible) and told that he was being terminated for this new alleged violation as well as the previous violation (that occurred due to a mechanical failure outside of his control). Plaintiff protested and reminded the meeting participants that a repairman had confirmed that the previous incident was beyond his control and denied that he had committed the violation he was now being accused of.

10. Plaintiff also protested and indicated that there were other similarly situated employees who were treated more favorably, that had not utilized time off work pursuant to the FMLA, such as Jay Jones, as well as the other employee who had also been on dock 21 the day it malfunctioned and received no discipline. (By information and belief this employee was not written up, suspend, or terminated.)

11. Defendant terminated Plaintiff anyway, while Plaintiff was still on FMLA.

12. Plaintiff contends that the proffered reasons for his termination are false and pretextual, and in reality, he was discriminated against and retaliated against for utilizing time off work pursuant to the FMLA in violation of his federally protected rights.

13. As a direct and proximate cause of Defendant's discriminatory and retaliatory actions Plaintiff suffered the loss of his job and job-related benefits including income. Plaintiff

seeks compensatory damages.

14. Furthermore, the Defendant's "bad faith" discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the FMLA warranting an imposition of liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, liquidated damages, reasonable attorney fees and costs, and all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 1110
Fort Wayne, IN 46802
Telephone: (260) 240-4644
Facsimile: (260) 444-3441
E-mail: Jennifer@jhitchcocklaw.com
Attorney for Plaintiff

STATE OF INDIANA        IN THE ALLEN SUPERIOR COURT
COUNTY OF ALLEN        Allen Superior Courts
Civil Division - Courthouse
715 South Calhoun Street, Room 201
Fort Wayne, IN 46802
Telephone: (260) 449-3491

HOWARD ROHRABAUGH
     Plaintiff(s)

VS

SABERT CORPORATION
     Defendant(s)

Case Number: _____

# SUMMONS

TO: Sebert Corporation
Attn: Highest Ranking Official
3511 Engle Road
Fort Wayne, IN 46825

You have been sued by the person(s) named above. The claim made against you is attached to this summons; please examine all pages carefully. The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

__XX__ Certified Mail     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____ Personal Service     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Allen Superior Court, Room 201, Allen County Courthouse, Fort Wayne, Indiana, 46802**. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer. If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form. **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: __11/23/2020__

_Christopher M. Nancarrow_ BB
**CHRISTOPHER M. NANCARROW**
CLERK OF THE ALLEN CIRCUIT AND SUPERIOR COURTS

Jennifer L. Hitchcock (PLAINTIFF)
Attorney / Party Preparing Summons (Party Represented)

(Seal)

116 E. Berry St., Ste 1110
Street Address

Fort Wayne, IN 46802
City, State, Zip Code

(260) 240-4644     34635-02
Telephone Number     Attorney Number

**MANNER OF SERVICE**
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:
_____ personal service
_____ leaving a copy at dwelling or place of employment

**CLERK** shall serve this Summons as follows:
_____ regular mail
_____ certified mail
_____ publication

**OTHER** manner of service:
__X__ attorney to serve
_____ private process server, _____
_____ other (describe in particular and note Trial Rule)

**CERTIFIED MAIL**

| | |
|---|---|
| I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested. | I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein. |

Date Issued: _____     Date Issued: _____

_____     _____
Clerk of the Allen Circuit and Superior Courts     Clerk of the Allen Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____     _____
Signature of Party     Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:**  (_____)

    READING / delivering a copy (A) to the within named party;

    LEAVING A COPY for the within named party
        (B) with the spouse, named:
        (C) with a relative, named:
        (D) at the residence, located at:
        (E) with the employer, named: _____

        (E) with a secretary, named:
        (F) with the attorney, named:
        (H) with this person (other-specify):

Specify name of person, work supervisor, place of business, or location where copy was left.

_____

and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:

_____.
Last known address of person named in the document (or Change of Address)

**I did not serve a copy of this Summons because:** (_____)

(I) The party was NOT FOUND / NO SUCH ADDRESS.
(J) the document EXPIRED.
(K) the party AVOIDED service.
(L) the party REFUSED service.
(M) the party was NO LONGER EMPLOYED at the address.
(N) the document was RETURNED by the authority of the Plaintiff.
(O) the party is DECEASED.
(P) the party was UNKNOWN AT THAT ADDRESS.
(Q) the party was on SICK LEAVE / LAY OFF.

(R) the party was on VACATION.
(S) the party was NOT FOUND / VACANT.
(T) the party was NOT FOUND / MOVED.
(U) the party was NOT FOUND IN THIS BAILIWICK.
(V) INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
(W) they are NO LONGER IN BUSINESS.
(X) several attempts were made / UNABLE TO SERVE.
(Y) of the following reason (OTHER-specify):

_____

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____     _____
Date Served / Attempted     Time Served / Attempted     Signature of Sheriff of Allen County, Indiana (or other officer)

By: _____
(Printed Name of Process Server)     Signature of Process Server

08/2000     sum (CLK 298,fb)